Argued and submitted March 26, reversed and remanded for reconsideration August 29, reconsideration denied October 19, 1984

## MARTIN,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

(83-AB-933-B; CA A28373)

686 P2d 1040

Tom Martin, Salem, argued the cause for petitioner. On the brief were D. Michael Mills, and Mills & McMillin, Salem.

Martha L. Rice, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

PER CURIAM

## PER CURIAM

Respondent denied petitioner's claim for extended benefits for the reason that he had not made a "systematic and sustained effort to obtain work."[1] On judicial review claimant contends that that was improper without the Division having adopted a rule defining the term. He cites *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979). After the submission of this case, we decided *Trebesch v. Employment Division,* 68 Or App 464, 683 P2d 1018 (1984), in which we concluded that the Division must give claimants fair notice of what the term "systematic and sustained effort to find work" means beyond the purely negative words of Form 385-X, which merely indicate that union attachment alone does not constitute such a search. With respect to that issue, this case is identical to *Trebesch,* and this petitioner is also entitled to be told what the term means before his application for extended benefits can be properly processed.[2]

Reversed and remanded for reconsideration.

---

[1] After respondent denied petitioner's claim, a referee upheld the denial on the basis of findings of fact that claimant did seek other work but that reliance on his union in that effort was not sufficient to constitute a "systematic and sustained effort to obtain work." EAB affirmed. Petitioner petitioned for judicial review. EAB withdrew its order pursuant to ORS 183.482(6) and entered a new order, based on the same findings of fact but with expanded conclusions. Petitioner again sought judicial review, and EAB again withdrew its order. It then entered a second revised order, making its own finding of fact that "[t]he claimant did not contact new prospective employers during [the] claim week 6-83, * * *." It again upheld the denial. Petitioner then initiated the judicial review we are now dealing with. He argues that EAB abused its power of reconsideration in an effort to reconstruct the record to improve its position on appeal.

ORS 183.482(7) provides in part:

"* * * In the case of disputed allegations of irregularities in procedure before the agency not shown in the record which, if proved, would warrant reversal of remand, the Court of Appeals may refer the allegations to a Master appointed by the court to take evidence and make findings of fact upon them. The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or failure to follow prescribed procedure."

Petitioner did not seek the appointment of a master, and we do not here decide whether EAB abused its power to reconsider.

[2] Because of our disposition of this case, we do not reach petitioner's constitutional argument.